**UNPUBLISHED ORDER**

Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

November 21, 2006

**Before**

Hon. MICHAEL S. KANNE, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 03-3787

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee*,

            *v.*

ARTHUR RAMSEY,
                        *Defendant-*
*Appellant*.

Appeal from the United States District Court for the Southern District of Illinois.

No. 03 CR 30055

William D. Stiehl,
*Judge*.

**O R D E R**

A jury convicted Arthur Ramsey of maintaining a place for the purpose of distributing and possessing with intent to distribute a controlled substance, in violation of 21 U.S.C. § 856. At sentencing, the district court determined the then-mandatory United States Sentencing Guidelines range to be 51-63 months' imprisonment. The district court sentenced Ramsey to 54 months' imprisonment, and Ramsey appealed.

Although we affirmed Ramsey's conviction, we ordered a limited remand so that the district court could determine whether it believed Ramsey's sentence remained appropriate after *United States v. Booker*, 543 U.S. 220 (2005), relegated the Guidelines to advisory status. *United States v. Ramsey*, 406 F.3d 426, 434 (7th Cir. 2005) (citing *United States v. Paladino*, 401 F.3d 471, 481 (7th Cir. 2005)).

The district court has replied that it would impose the same sentence knowing that the Guidelines are not mandatory. As a result, we will affirm the original sentence against Ramsey's plain error challenge provided the sentence is reasonable. *See Paladino*, 401 F.3d at 484. Our court has held that a sentence within a properly-calculated guidelines range is presumptively reasonable. *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005). *Cf. Rita v. United States*, No. 06-5754, 2006 WL 2307774 (U.S. Nov. 3, 2006) (granting writ of certiorari on questions including whether it is consistent with *Booker* to accord a presumption of reasonableness to within-Guidelines sentences). Here, the applicable United States Sentencing Guidelines sentencing range was 51 to 63 months' imprisonment, and the district court sentenced Ramsey to 54 months. Ramsey's sentence is thus presumptively reasonable under our circuit's precedent.

Ramsey, however, urges us to find that several factors demonstrate the unreasonableness of his sentence. First, he points to the length of time before his commission of a major crime, as he was sixty-four years old at the time of the crime but had no criminal history points. Next, he contends that his age at the time of the crime indicates a low risk of recidivism and supports a lesser sentence. He also highlights his employment history, including sustained periods of employment from 1968 to 1989 and from 1995 to 2002. Finally, Ramsey suggests that his son coerced him into committing the offense.

After considering Ramsey's arguments, we do not find the sentence imposed by the district court unreasonable. First, the advisory Guideline sentencing range took into account his criminal history. And although Ramsey fell within criminal history category I under the Guidelines, his record was not crime free.

Next, Ramsey's age and employment history do not require a lower sentence. Although he was sixty-four years old at the time of the offense, the district court noted that nothing in the record suggested Ramsey would be unable to serve his term of imprisonment. In addition, although sixty-four years old, Ramsey was still able to hit a law enforcement officer with a stick multiple times before submitting to arrest. With respect to Ramsey's employment history, like the district court, we commend it. Even so, we cannot say that Ramsey's work record required the district court to impose a lower sentence.

Finally, Ramsey suggests that his sentence is unreasonable because his son coerced him into committing the offense. As the district court noted, our opinion upholding the conviction rejected the argument that Ramsey's son coerced Ramsey's actions. There, we found that sufficient evidence existed to support a finding that

Ramsey intentionally allowed his son to use a mobile home Ramsey leased. *Ramsey*, 406 F.3d at 433. Indeed, we explicitly stated, "There was no evidence that Robinson coerced his father into allowing Robinson to live there." *Id*. We will not revisit these findings here.

We conclude that Ramsey has not demonstrated that any of the factors to which he points, either alone or in combination, necessitate the conclusion that his sentence is unreasonable. As a result, the judgment of the district court is AFFIRMED.